UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THOMAS J. LA CASSE<br><br>and<br><br>JOSEPH LA CASSE,<br><br>       Plaintiffs,<br><br>v.<br><br>AURORA LOAN SERVICES, LLC,<br><br>U.S. BANK, NATIONAL ASSOCIATION, AS TRUSTEE FOR THE LEHMAN XS TRUST, SERIES 2007-2N,<br><br>JOHN DOES 1-4,<br><br>MORTGAGE CONTRACTING SERVICE, INC. ,<br><br>and<br><br>MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.[1]<br><br>       Defendants. | Civil Action No. 15-11672<br><br>(Mass. Super. Ct. Hampden County C.A. No. HDCV2015-00097-A) |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1332, 1441 & 1446, Defendants Aurora Loan Services, LLC ("Aurora"), Mortgage Electronic Registration Systems, Inc. ("MERS"), and U.S. Bank, N.A., as Trustee for the Certificateholders of the Lehman XS Trust, Series 2007-2N ("U.S. Bank, N.A., as Trustee") (collectively, "Defendants"), hereby remove the action entitled *Thomas J. La Casse and Joseph La Casse v. Aurora Loan Services, LLC*, *et al.* Massachusetts Superior Court,

---

[1] Plaintiffs' Verified Complaint and Demand for Jury Trial fails to list Mortgage Electronic Registration Systems, Inc. in the caption; however, it is later named as a Defendant, *see* Compl. ¶ 12 and, thus, Defendants have amended the caption.

Docket Number HDCV2015-00097-A (the "Action"), to the United States District Court for the District of Massachusetts (the "District Court").  Pursuant to LR 3.1, the Civil Cover Sheet and Category Sheet to accompany this Notice of Removal are attached hereto as **Exhibit "A."**  The grounds for removal are federal question and diversity jurisdictions, as follows:

1. Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is filed timely.

   a. On or about March 23, 2015, Defendant Aurora Loan Services, LLC received service of a Summons and Order of Notice dated February 18, 2015, a Civil Action Cover Sheet dated Feburary 23, 2015, and a Verified Complaint dated February 18, 2015 ("Complaint").  True and accurate copies of the foregoing documents in the Action as served on Defendant Nationstar are attached hereto as **Exhibit "B."**

   b. This Notice of Removal, as dated below, is filed with the District Court within thirty (30) days of service of the initial pleadings in the Action.

2. The Action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1331, and is one which may be removed to this Court by Defendants pursuant to the provisions of 28 U.S.C. § 1441(b) in that Plaintiffs ("Plaintiffs") allege violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*., claims that are created by, and arise under, federal law.  To the extent any other claims in the Action may arise under state law, supplemental jurisdiction over such claims exists pursuant to 28 U.S.C. §§ 1367 and 1441(c).

3. Pursuant to 28 U.S.C. § 1332(a), there is also complete diversity of citizenship between the Plaintiff and Defendants Aurora, MERS, and U.S. Bank, N.A., as Trustee.

   a. The Complaint alleges that Plaintiff Thomas J. La Casse is a resident of the Commonwealth of Massachusetts with a "current address of 134 Normandy Road, Longmeadow, MA 01101." Compl. ¶ 9.

      b.    The Complaint alleges that Plaintiff Joseph La Casse is a resident of the Commonwealth of Massachusetts with an address and domicile of 270 Park Ave., Longmeadow, MA 01101.  Compl. ¶ 10.

      c.    The Complaint alleges that Defendant Aurora is a limited liability company with its principal place of business located at 10350 Park Meadows Dr., Littleton, CO 80124.  *See* Compl. ¶ 11.

      d.    The Complaint alleges that Defendant MERS is a privately held company with its headquarters at 1818 Library Street, Reston, Virginia, 20190.  *See* Compl. ¶ 12.

      e.    The Complaint alleges that Defendant U.S. Bank, N.A., as Trustee has its principal place of business at 745 Seventh Avenue, New York, New York, 10019.  *See* Compl. ¶ 13.

      f.    The Complaint alleges that Defendant Mortgage Contracting Service LLC d/b/a Mortgage Contracting Service is a Delaware limited liability company with a business address of 6504 International Parkway, Suite 1500, Plano TX 75093.  *See* Compl. ¶ 14.

      g.    The caption of the Complaint lists four John Doe defendants ("John Does"), who are purportedly contractors affiliated with Mortgage Contracting Services, LLC. The Complaint, however, fails to allege any cause of action against the John Does or allege any connection between the John Does and the controversy.  *See* Compl. ¶¶ 16-19.

4.    Likewise pursuant to 28 U.S.C. § 1332(a), the $75,000 amount-in-controversy requirement, exclusive of interest and costs, is met.

      a.    "For the purpose of establishing diversity jurisdiction, the amount in controversy is determined by looking to the circumstances at the time the complaint is filed."

*See, e.g.*, *Barbosa v. Wells Fargo Bank, N.A.*, Civ. No. 12-12236-DJC, 2013 WL 4056180, at *3 (D. Mass. Aug. 13, 2013) (citation omitted).

    b. The amount-in-controversy requirement is met so long as it does not "appear to a legal certainty that the claim is really for less than the jurisdictional amount." *McKenna v. Wells Fargo Bank, N.A.*, 693 F.3d 207, 212 (1st Cir. 2012) (quoting, *e.g.*, *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938)).

    c. The amount-in-controversy requirement is met here where Plaintiffs allege more than $1.6 million in damages related to their "tort" claims, as well as $75,000 in damages related to their "contractual" claims in their Civil Action Cover Sheet. *See* Exh. B.

    d. The amount-in-controversy threshold is further met because Plaintiffs seek to void a 2010 foreclosure sale and discharge the preceding mortgage. *See* Compl. ¶ 114, *see also* Wherefore clause (a).

    e. "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Wash. State Apple Adver.Comm'n*, 432 U.S. 333, 347 (1977).

    f. "The value of the matter in controversy is measured not by the monetary judgment which the plaintiff may recover but by the judgment's pecuniary consequences to those involved in the litigation." *Richard C. Young & Co., Ltd. v. Leventhal*, 389 F.3d 1, 3 (1st Cir. 2004).

    g. In cases that seek equitable relief against foreclosure sales, the fair market value of the property to be foreclosed upon is an acceptable measure of the amount in controversy for purposes of diversity jurisdiction. *See Morse v. Residential Credit Solutions, Inc.*, Civ. No. 11-12275-RWZ, 2012 WL 458492, at *1 (D. Mass. Feb. 13, 2012) (citing *Bedard*

*v. MERS, Inc.*, Civ. No. 11-00117-JL, 2011 WL 1792738, at *2-3 (D.N.H. May 11, 2011) (collecting cases); *see also, e.g.*, *McKenna*, 693 F.3d at 212 n.4 (citation omitted).

        h.    The Complaint seeks, in its prayer for relief, injunctive relief in the form of an "injunction against from [sic] Defendant further interference with Plaintiffs [sic] property rights," and also seeks that the "mortgage … be discharged." *See* Compl. at 114; *see also* Wherefore clause, at (a).

        i.    On November 15, 2006, Thomas J. La Casse granted Mortgage Electronic Registration Systems ("MERS"), as nominee for Homecomings Financial, LLC (f/k/a Homecomings Financial Network, Inc.), a mortgage (the "Mortgage") on the property located at 270 Park Drive, Longmeadow, MA 01106 (the "Property") to secure a note in the original principal amount of $600,000.00.  The Mortgage was recorded with the Hampden County Registry of Deeds ("Registry") on November 17, 2006 in Book 16332, Page 249.  The Mortgage is the mortgage at issue, as referenced in the Complaint. *See* Compl. ¶¶ 26-29.  Plaintiff seeks to rescind the foreclosure sale and void the Mortgage.  A true and accurate copy of the Mortgage is attached hereto as **Exhibit "C."** *See McKenna*, 693 F.3d at 213 (initial lender "deemed the property to be adequate security for a $430,000 loan as of November 2006, making it highly likely that on removal [on March 10, 2010], the property was worth at least $75,000").

        j.    The publicly-available tax assessment for the Property, *available at* http://gis.vgsi.com/longmeadowma/Parcel.aspx?pid=4379 , lists the assessed value for the Property for Valuation Year 2015 as **$631,500**.  A true and accurate copy of a computer print-out of this tax assessment from the Everett Board of Assessors is attached hereto as **Exhibit "D."**

5.      Pursuant to LR 40.1, the Western Division of the District of Massachusetts is the proper venue for removal because this Division includes Hampden County, in which the Action was filed, and where, upon information and belief, Plaintiffs reside.

6.      No other initial pleadings have been served upon Defendants.  *See* 28 U.S.C. § 1446(a).  Pursuant to LR 81.1, Defendants will, within twenty-eight (28) days after filing this Notice of Removal, file certified or attested copies of all records and proceedings in the State Court and a certified or attested copy of all docket entries in the State Court.

7.      Pursuant to 28 U.S.C. § 1446(d), Defendants are simultaneously filing a copy of this Notice of Removal of the action with the Hampden County Superior Court Department of the Massachusetts Trial Court in the Action.  Defendants will serve Plaintiff with a copy of this Notice of Removal and the Notice filed in the Action.

8.      By virtue of this Notice of Removal of Action and the Notice filed in the Action, Defendants do not waive their rights to assert any personal jurisdictional defenses or other motions including Rule 12 motions and/or motions to compel arbitration permitted by the Federal Rules of Civil Procedure.

    Respectfully submitted,
AURORA LOAN SERVICES, LLC, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AND U.S. BANK, N.A., AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF THE LEHMAN XS TRUST, SERIES 2007-2N,
By their attorneys,

 /s/ Alison M. Kinchla
James B. Fox, Esq. (BBO No. 176520)
Meredith A. Swisher (BBO No. 646866)
Alison M. Kinchla, Esq. (BBO No. 676379)
BERNKOPF GOODMAN LLP
Two Seaport Lane, 9th Floor
Boston, MA  02210
Tel: (617) 790-3000

Fax: (617) 790-3300
jfox@bg-llp.com
mswisher@bg-llp.com
akinchla@bg-llp.com

Dated:  April 22, 2015

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THOMAS J. LA CASSE<br><br>and<br><br>JOSEPH LA CASSE,<br><br>   Plaintiffs,<br><br>v.<br><br>AURORA LOAN SERVICES, LLC,<br><br>U.S. BANK, NATIONAL ASSOCIATION, AS TRUSTEE FOR THE LEHMAN XS TRUST, SERIES 2007-2N,<br><br>JOHN DOES 1-4,<br><br>MORTGAGE CONTRACTING SERVICE, INC. ,<br><br>and<br><br>MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.[2]<br><br>   Defendants. | Civil Action No. 15-11672<br><br><br><br><br>(Mass. Super. Ct. Hampden County C.A. No. HDCV2015-00097-A) |

## CERTIFICATE OF SERVICE

   I, Alison M. Kinchla, hereby certify that a copy of the Notice of Removal, with all Exhibits thereto, was served on April 22, 2015 via First Class Mail to: (i) Laird J. Heal, Esquire, 120 Chandler Street, Suite 2R, Worcester, MA 01609; and (ii) Mortgage Contracting Services,

---

[2] Plaintiffs' Verified Complaint and Demand for Jury Trial fails to list Mortgage Electronic Registration Systems, Inc. in the caption; however, it is later listed as a Defendant, *see* Compl. ¶ 12 and, thus, Defendants have amended the caption.

Inc., c/o Delaware Corporations, LLC (Registered Agent), 800 Delaware Ave., P.O. Box 8702, Wilmington, DE 19801.

Signed under the pains and penalties of perjury this 22nd day of April, 2015.

Respectfully submitted,

AURORA LOAN SERVICES, LLC, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AND U.S. BANK, N.A., AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF THE LEHMAN XS TRUST, SERIES 2007-2N,
By their attorneys,

 /s/ Alison M. Kinchla_____
Alison M. Kinchla, Esq. (BBO No. 676379)
BERNKOPF GOODMAN LLP
Two Seaport Lane, 9th Floor
Boston, MA  02210
Tel: (617) 790-3000
Fax: (617) 790-3300
akinchla@bg-llp.com

632019 v1/38755/186