UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THOMAS J. LA CASSE and JOSEPH LA CASSE,<br><br>    Plaintiffs,<br><br>v.<br><br>AURORA LOAN SERVICES, LLC; U.S. BANK, NATIONAL ASSOCIATION, AS TRUSTEE FOR THE LEHMAN XS TRUST, SERIES 2007-2N; JOHN DOES 1-4; MORTGAGE CONTRACTING SERVICE, INC., and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.<br><br>    Defendants. | Civil Action No. 15-11672 |

**DEFENDANTS' MOTION TO DISMISS VERIFIED COMPLAINT**

Defendants Aurora Loan Services, LLC ("Aurora"), U.S. Bank, National Association, as Trustee for the Lehman XS Trust, Series 2007-2N ("U.S. Bank, N.A., as Trustee"), and Mortgage Electronic Registration Systems, Inc. ("MERS") (collectively "Defendants"), hereby move, pursuant to Fed. R. Civ. P. Rule 12(b)(6), to dismiss the Verified Complaint ("Complaint") filed by Plaintiffs Thomas J. ("Thomas") and Joseph La Casse ("Joseph") (collectively, "Plaintiffs") for failure to state a claim upon which relief may be granted. Defendants' motion to dismiss must be granted because none of the challenges that Plaintiffs bring concerning the foreclosure and property preservation actions taken in relation to the property located at 270 Park Drive, Longmeadow, MA ("Property") state a plausible claim as a matter of law.

This is the <u>fourth</u> time that Thomas and his counsel, Laird Heal, Esq. ("Attorney Heal"), have sought judicial intervention concerning the Property.[1]  Consequently, the Complaint is marred by a host of procedural deficiencies.  First, the present Complaint is but a mere regurgitation of claims that were alleged, or could have been alleged, by Thomas in the civil action he brought in Connecticut Superior Court in 2010 challenging the foreclosure of the Property and, thus, are precluded on the grounds of *res judicata*.

Second, Thomas lacks standing to assert these causes of action because the claims, which arose prior to or during the pendency of Thomas's Chapter 7 bankruptcy case, became the assets of his bankruptcy estate and, thus, may only be asserted by the Chapter 7 Trustee.  Moreover, Plaintiffs are judicially estopped from challenging Aurora's standing to conduct a foreclosure where the bankruptcy court granted Aurora's Motion for Relief from Stay without any timely opposition from Thomas.

---

[1] Plaintiff, Thomas, initially filed for Chapter 13 bankruptcy in 2009 in an effort to delay foreclosure proceedings on a number of his investment properties, including the above-referenced Property.  *See In re LaCasse*, No.09-31866 (Bankr. D. Mass.).  The Chapter 13 case was dismissed on December 8, 2009 when Thomas, who was acting *pro se*, failed to file schedules.  A month later, Thomas retained Attorney Heal to attempt to vacate the dismissal, but this effort was abandoned in favor of filing a Chapter 11 on Thomas' behalf on January 19, 2010.  *See In re La Casse*, No. 10-30088 (Bankr. D. Mass.) .  After Thomas failed to comply with the Chapter 11 Trustee's requests for documents, including his tax filings and proof of homeowners' insurance, the case was converted to a Chapter 7 filing.  On July 8, 2010, Aurora moved for relief from stay in order to proceed with foreclosing on the Property.  Thomas did not object to the Motion, and it was granted on September 2, 2010.  On November 22, 2010, Aurora lawfully foreclosed on the Property.  Two weeks later, on December 8, 2010, Thomas filed an action in the Connecticut Superior Court, objecting to the propriety Aurora's foreclosure. *See La Casse v. Aurora Loan Services, LLC et al.,* No. FST-cv10-660767 (Conn. Sup. Ct. Dist. Stamford).  Upon information and belief, and the records of the court transcripts, while this Complaint was filed by Attorney Paul. S. Nakian, as local counsel, the briefing and analysis of "Massachusetts law" was provided by Attorney Heal.  On May 2, 2011, Aurora filed a summary process action in Hampden County Housing Court.  *See Aurora Loan Services, LLC v. Thomas J. La Casse*, No. 11-SP-01661 (Mass. Housing Ct., Hampden Cty.).   In support of his request to stay the summary process action, Thomas, through Attorney Heal, noted that the case pending in the Connecticut Superior Court concerned "the illegalities of Aurora and MERS' [foreclosure] actions."  The summary process action was thereby continued, so that the Connecticut court could made a determination on Plaintiff's claims.  Plaintiff, however, had no intention of advancing his claims and, after four years or languishing in the Connecticut Superior Court, Plaintiff's Complaint was finally dismissed on January 23, 2015 for "failure to prosecute in accordance with Practice Book §14-3."  Thereafter, on February 12, 2015, Plaintiff, through Attorney Heal, moved to amend his Counterclaims and Answer to the Summary Process Complaint, which action had been held in abeyance since 2011.  Then, on February 23, 2015, Plaintiff, through Attorney Heal, filed the present action, which allegations are substantially similar to those raised, and not prosecuted, in the Connecticut Superior Court action.

Third, even if the foreclosure by sale was somehow deficient – which it was not – Plaintiffs' claims are barred by the statute of limitations where Aurora made a foreclosure by entry, pursuant to M.G.L. c. 244 §2, more than five years ago.

Substantively, while the Complaint is far from a paragon of coherence, it appears that all eleven counts alleged by Plaintiffs rest on the misbegotten legal theory that "because [MERS] has no interest in the Note, and never [had] any interest in the Note …" an assignment from MERS is void and any actions relying upon this assignment, including the foreclosure and Defendants' later property preservation actions, are similarly invalid.  Compl., at ¶¶ 42; *see also, e.g.,* ¶¶ 43-47, 49-52, 55-57, 61-63, 65-68, 70-75, 78-81, 83-85, 88-97, 99, 103-106, 108-115. Although Defendants' counsel has attempted, on several occasions, to inform Attorney Heal of the several binding decisions of the First Circuit and the Massachusetts Supreme Judicial Court repudiating this argument that have issued since Thomas first made these allegations in 2010, Plaintiffs' counsel has refused to withdraw this action.  *See, e.g., Culhane v. Aurora Loan Servs. of Neb.,* 708 F. 3d 282, 291-93 (1st Cir. 2013) ("MERS's role as mortgagee of record and custodian of the bare legal interest as nominee for the member-noteholder, and the member-noteholder's role as owner of the beneficial interest in the loan, fit comfortably with each other and fit comfortably within the structure of Massachusetts mortgage law."); *Mills v. U.S. Bank, NA,* 753 F.3d 47, 53 (1st Cir. 2014) ("*Culhane* makes clear that MERS validly serves both as the holder of 'bare legal title as mortgagee of record' and as 'nominee for the member-noteholder'); *Wilson v. HSBC Mortgage Servs., Inc,* 744 F.3d 1, 11 (1st Cir. 2014) (upholding MERS system); *Eaton v. Federal National Mortgage Ass'n*, 462 Mass. 569, 572 (2012) (explaining that MERS "has the right to exercise any or all" interests of the assignee, including "the right to foreclose and sell the property" and assign a mortgage).

And, while Plaintiffs' claims should all be dismissed where they are predicated on the purportedly "improper" or "void" assignment from MERS, Defendants' motion to dismiss should also be granted because none of the challenges state a plausible claim as a matter of law. Several of the claims are improperly styled and/or fail to plead even the essential elements, and the factual allegations made by Plaintiffs are incapable of sustaining their claims. For example, Plaintiffs fail to identify: any specific contractual provisions that were breached; any conduct that could plausibly be characterized as fraudulent, unfair, immoral, or oppressive; or any actual injury resulting from Defendants' alleged conduct. Additionally, Thomas alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, but such claims are not available to him where he admits that, at all times, his investment in the property was as a "business." Moreover, the Complaint fails to set forth exactly what U.S. Bank, N.A., as Trustee, is alleged to have done, and why it has been named in the Complaint. Rather, Plaintiffs largely "lump" all of the defendants together, and fail to explain what role each entity is supposed to have played in the Complaint's allegations. This tactic fails to satisfy even the most basic of pleading standards. Accordingly, Defendants' motion should be granted, and all of Plaintiffs' claims as to Aurora, U.S. Bank, N.A., as Trustee, and MERS should be dismissed with prejudice.

The claims asserted individually by Joseph are similarly frivolous. Prior pleadings presented to the bankruptcy court, including an executed affidavit from Joseph, himself, establish that immediately prior to and immediately after the November 22, 2010 foreclosure sale Joseph's residence was 133 Colony Road, Longmeadow, Massachusetts and, accordingly, Joseph was not a tenant as of the foreclosure. To the extent Joseph executed a lease post-foreclosure, any liability stemming therefrom would rest, not with Defendants, but with Thomas, who was aware that he no longer owned the Property. And, as with Thomas' claims, even if Joseph's allegations

had any legal merit – which they do not - the counts are pled with such little specificity that they fail to meet the minimal pleading standards.

In summary, this Complaint lacks any merit and represents a bad faith pleading. The Complaint is peppered with deceitful factual allegations, the arguments asserted are both precluded by prior actions and not warranted under existing law, and the circumstances surrounding the timing of this action demonstrate that it was interposed for the purposes of further delaying a summary process action that has been pending since 2011. Such misconduct should not be countenanced. Accordingly, where both Plaintiffs and their counsel were aware of these deficiencies prior to filing this action, and where they have failed to revise their allegations or review the state of the present law - even after discussions with Defendants' counsel - Plaintiffs and their counsel should be sanctioned, and Defendants should be reimbursed for their costs and attorneys' fees incurred in responding to this action.[2]

For all of the foregoing reasons, and for all of the reasons set forth in the Memorandum of Law in Support of Defendants' Motion to Dismiss filed herewith and incorporated herein by reference, Defendants' request that the Court:

(i)     Grant this Motion;

(ii)     Dismiss all claims as to Aurora, U.S. Bank, N.A., as Trustee, and MERS with prejudice;

(iii)     Order Plaintiffs to reimburse Defendants' for their attorneys' fees and costs incurred in responding to the Complaint and preparing this Motion;

(iv)     Grant such other and further relief as the Court deems appropriate.

---

[2] Pursuant to Fed. R. Civ. P. 11, a separate motion for sanctions will be filed with this Court in the event that Plaintiffs fail to voluntarily dismiss this case within the safe harbor period.

Respectfully Submitted,

AURORA LOAN SERVICES, LLC, U.S. BANK, NATIONAL ASSOCIATION, AS TRUSTEE FOR THE LEHMAN XS TRUST, SERIES 2007-2N, AND MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.,
By their attorneys,

  /s/ Alison M. Kinchla
James B. Fox, Esq. BBO No. 176520
Meredith A. Swisher, Esq. BBO No. 646866
Alison M. Kinchla, Esq. BBO No. 676379
BERNKOPF GOODMAN LLP
Two Seaport Lane, 9th Floor
Boston, MA  02210
Tel: (617) 790-3000
Fax: (617) 790-3300
jfox@bg-llp.com
mswisher@bg-llp.com
akinchla@bg-llp.com

Dated:  May 29, 2015

### CERTIFICATION PURSUANT TO L.R. 7.1

I hereby certify that on May 14, 2015, I sent correspondence to Plaintiffs' counsel, Laird Heal, Esq., via email and first class mail, which correspondence attempted to resolve the subject of this Motion, but to which no response was received.  Efforts to resolve the issues during a telephone conversation with Plaintiffs' counsel on May 20, 2015, were similarly ineffectual. Despite attempts to confer in good faith, the parties were not able to resolve or narrow the scope of this dispute.

  /s/ Alison M. Kinchla
  Alison M. Kinchla, Esq.

### CERTIFICATE OF SERVICE

I hereby certify that this **Motion to Dismiss** filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants on May 29, 2015.

  /s/ Alison M. Kinchla
  Alison M. Kinchla, Esq.