UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THOMAS J. LA CASSE and<br>JOSEPH LA CASSE,<br><br>       Plaintiffs,<br><br>v.<br><br>AURORA LOAN SERVICES, LLC,<br>U.S. BANK, NATIONAL ASSOCIATION,<br>AS TRUSTEE FOR THE LEHMAN XS<br>TRUST, SERIES 2007-2N,<br>JOHN DOES 1-4,<br>MORTGAGE CONTRACTING SERVICE,<br>INC., and MORTGAGE ELECTRONIC<br>REGISTRATION SYSTEMS, INC.<br><br>       Defendants. | C.A. No. 15-11672 |

**DEFENDANT MORTGAGE CONTRACTING SERVICES, LLC'S
<u>MOTION TO DISMISS PLAINTIFFS' COMPLAINT</u>**

NOW COMES the defendant, Mortgage Contracting Services, LLC ("MCS" or "Defendant")[1], and respectfully moves this Honorable Court, pursuant to Fed. R. Civ. P. 12(b)(6), to dismiss the Verified Complaint filed by the plaintiffs, Thomas J. La Casse and Joseph La Casse ("Plaintiffs").

The Plaintiffs' eleven (11) counts fail for several reasons. First, the Plaintiffs' claims should be dismissed because these claims were previously brought and resolved in Connecticut Superior Court and, therefore, are barred by *res judicata*. Second, Thomas La Casse lacks standing to assert these claims because the claims arose prior to or during the pendency of his Chapter 7 bankruptcy case and are, therefore, assets of the estate. Third, the Plaintiffs' claims are barred by the respective statutes of limitations. Fourth, the Plaintiffs' entire Complaint rests on

---

[1] MCS is incorrectly named in the caption of the Complaint as Mortgage Contracting Service, Inc.

the long-since rejected legal theory that Mortgage Electronic Registration Systems, Inc. ("MERS") does not have authority to assign a mortgage. Accordingly, all of the claims stemming from the allegedly invalid foreclosure must be dismissed. Fifth, while the Plaintiffs allege each count generally against all defendants, they have failed to adequately plead the counts against MCS specifically and thus, the claims must be dismissed. Finally, most of the Plaintiffs' claims do not relate to MCS at all and must be dismissed.

In further support of the Motion to Dismiss, MCS files herewith an accompanying Memorandum of Law.

Respectfully submitted,
MORTGAGE CONTRACTING
SERVICES, LLC
By its attorneys,

___/s/ _Jamie L. Kessler_____
Erin E. Howard, BBO No. 666955
Jamie L. Kessler, BBO No. 681867
Hinshaw & Culbertson LLP
28 State Street, 24th Floor
Boston, MA 02109
Tel: (617) 213-7000
Fax: (617) 213-7001
ehoward@hinshawlaw.com
jkessler@hinshawlaw.com

Dated: July 20, 2015

## REQUEST FOR ORAL ARGUMENT

MCS believes that oral argument may assist the Court and wishes to be heard. MCS notes that a hearing on co-defendants' motion to dismiss is scheduled for Tuesday, September 8, 2015. MCS respectfully requests that the hearing on this Motion to Dismiss be consolidated with the hearing on co-defendants' motion to dismiss.

## **LOCAL RULE 7.1 CERTIFICATION**

      I, Jamie L. Kessler, hereby certify that counsel for the Defendant has attempted to confer with Plaintiffs' counsel to determine whether the plaintiffs will assent to the relief requested in this motion.  At the time this Motion was filed, Plaintiffs' counsel has not responded.

                                              /s/ *Jamie L. Kessler*
                                                Jamie L. Kessler

## **CERTIFICATE OF SERVICE**

      I, Jamie L. Kessler, hereby certify that the documents filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

                                              */s/ Jamie L. Kessler*
                                              Jamie L. Kessler

34534081V1 0974583