**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| THOMAS J. LA CASSE and <br> JOSEPH LA CASSE, <br><br>     Plaintiffs, <br><br> v. <br><br> AURORA LOAN SERVICES, LLC, <br> U.S. BANK, NATIONAL ASSOCIATION, <br> AS TRUSTEE FOR THE LEHMAN XS <br> TRUST, SERIES 2007-2N, <br> JOHN DOES 1-4, <br> MORTGAGE CONTRACTING SERVICE, <br> INC., and MORTGAGE ELECTRONIC <br> REGISTRATION SYSTEMS, INC. <br><br>     Defendants. | C.A. No. 15-11672 |

**DEFENDANT MORTGAGE CONTRACTING SERVICES, LLC'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

NOW COMES the defendant, Mortgage Contracting Services, LLC ("MCS" or "Defendant")[1], and respectfully moves this Honorable Court, pursuant to Fed. R. Civ. P. 12(b)(6), to dismiss the Verified Complaint filed by the plaintiffs, Thomas J. La Casse and Joseph La Casse ("Plaintiffs"). MCS is a national property preservation and inspection company that provides inspections, preservation and maintenance services to mortgage lenders and servicers.

The Plaintiffs' Verified Complaint asserts eleven (11) counts against all of the defendants. All of the Plaintiffs' claims, however, fail for several reasons. First, the Plaintiffs' claims should be dismissed because these claims were previously brought and resolved in Connecticut Superior Court and, therefore, are barred by *res judicata*. Second, Thomas La Casse lacks standing to

---

[1] MCS is incorrectly named in the caption of the Complaint as Mortgage Contracting Service, Inc.

assert these claims because the claims arose prior to or during the pendency of his Chapter 7 bankruptcy case. Therefore, the claims became the assets of his bankruptcy estate and, thus, may only be asserted by the Chapter 7 Trustee. Third, the Plaintiffs' claims are barred by the respective statutes of limitations. Fourth, the Plaintiffs' entire Complaint rests on the long-since rejected legal theory that Mortgage Electronic Registration Systems, Inc. ("MERS") does not have authority to assign a mortgage. Accordingly, all of the claims stemming from the allegedly invalid foreclosure must be dismissed. Fifth, while the Plaintiffs allege each count generally against all defendants, they have failed to adequately plead the counts against MCS specifically and thus, the claims must be dismissed. Moreover, most of the Plaintiffs' claims do not relate to MCS at all and must be dismissed.

## I.     PROCEDURAL AND FACTUAL BACKGROUND

MCS joins and incorporates herein by reference the procedural and factual background set forth by Defendants Aurora Loan Services, LLC ("Aurora"), U.S. Bank, National Association, as Trustee for the Lehman XS Trust, Series 2007-2N ("U.S. Bank, N.A., as Trustee"), and Mortgage Electronic Registration Systems, Inc. ("MERS") in their Memorandum of Law in Support of Defendants' Motion to Dismiss Verified Complaint ("Motion to Dismiss") which was filed with the Court on May 29, 2015. Motion to Dismiss, pp. 4 – 12.

## II.     ARGUMENT

**A.     Legal Standard**

To survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), Plaintiff must allege sufficient facts, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court must "take the allegations in the complaint as true and must make all

reasonable inferences in favor of the plaintiff." *Watterson v. Page*, 987 F.2d 1, 3 (1st Cir. 1993). "[F]actual allegations" must be separated from "conclusory statements" to permit the court to analyze whether the factual allegations, "if taken as true, set forth a plausible, not merely a conceivable, case for relief." *Juarez v. Select Portfolio Servicing, Inc.*, 708 F.3d 269, 276 (1st Cir. 1993) (internal quotations omitted). Under this standard, a court must not, and should not, accept every allegation made by the complaint, "no matter how conclusory or generalized." *U.S. v. AVX Corp.*, 962 F.2d 108, 115 (1st Cir. 1992). The court should dismiss a complaint if the pleadings fail to set forth "factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." *Berner v. Delahanty*, 129 F.3d 20, 25 (1st Cir. 1997) (quoting *Gooley v. Mobil Oil Corp.*, 851 F.2d 513, 515 (1st Cir. 1988)) (internal quotation marks omitted).

"[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 566 U.S. at 678. A Plaintiff must make more than mere threadbare recitals of the elements of a cause of action or conclusory assertions of truth in order to survive a motion to dismiss. *Id.* A court's assessment of the pleadings is "context-specific," requiring "the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). With regard to the assignment challenges, in particular, this Court "must conduct an inquiry to determine whether a plaintiff's allegations are that a mortgage assignment was void, or merely voidable." *Wilson v. HSBC Mortg. Serv.*, 744 F.3d 1, 9 (1st Cir. 2014).

**B.     Plaintiffs' Claims Are Barred By The Doctrine Of *Res Judicata* Where They All Were Or Could Have Been Alleged In The Connecticut Action.**

MCS joins and incorporates herein by reference the argument set forth by Defendants Aurora, U.S. Bank, N.A., as Trustee and MERS in their Memorandum of Law in Support of Defendants' Motion to Dismiss Verified Complaint ("Motion to Dismiss") which was filed with the Court on May 29, 2015.  Motion to Dismiss, pp. 13 – 15.

**C.     Even If Such Claims Were Not Barred, Plaintiffs Have No Standing To Assert The Claims Where They Would Properly Belong To The Chapter 7 Trustee.**

MCS joins and incorporates herein by reference the argument set forth by Defendants Aurora, U.S. Bank, N.A., as Trustee and MERS in their Memorandum of Law in Support of Defendants' Motion to Dismiss Verified Complaint ("Motion to Dismiss") which was filed with the Court on May 29, 2015.  Motion to Dismiss, pp. 16 – 17.

**D.     Plaintiffs' Claims Are Barred By The Applicable Statute Of Limitations.**

MCS joins and incorporates herein by reference the argument set forth by Defendants Aurora, U.S. Bank, N.A., as Trustee and MERS in their Memorandum of Law in Support of Defendants' Motion to Dismiss Verified Complaint ("Motion to Dismiss") which was filed with the Court on May 29, 2015.  Motion to Dismiss, pp. 17 – 20.

**E.     Even If Not Barred By *Res Judicata* Or The Applicable Statute Of Limitations, All Of The Plaintiffs' Claims Fail.**

   *i.     All Of The Claims Stem From The Plaintiffs' Erroneous Allegation That The Foreclosure Was Invalid And, Thus, The Claims Must Be Dismissed.*

It appears that all of the Plaintiffs' claims stem from the allegation that the foreclosure sale was invalid because MERS does not have authority to assign the mortgage.  *See* Complaint at ¶¶ 40 – 45.  The Plaintiffs vaguely argue throughout the Complaint that the foreclosure and all post-foreclosure actions are invalid because the Assignment from MERS to Aurora was invalid.

This erroneous argument concerning the MERS framework and its compliance with Massachusetts law has been roundly rejected by all appellate courts in this Commonwealth and by the First Circuit. *Culhane v. Aurora Loan Servs. of Neb.*, 708 F.3d 282, 291 (1st Cir. 2013) (finding that MERS framework comports with Massachusetts law); *Mills v. U.S. Bank, N.A.*, 753 F.3d 47, 53 (1st Cir. 2014) (same); *Wilson v. HSBC Mortgage Servs., Inc.* 744 F.3d 1, 11 (1st Cir. 2014) (same); *Bank of New York Mellon v. Wain*, --- N.E.3d ---, 85 Mass. App. Ct. 648, *3 (Ma. App. Ct. June 24, 2014) (following *Culhane* and *Sullivan*); *Sullivan* v. *Kondaur Capital Corp.*, 85 Mass. App. Ct. 202, 209 (2014) (following *Culhane*).

Here, the Plaintiffs granted the Mortgage to MERS "acting solely as a nominee for Lender [AMN] and Lender's successors and assigns." The Mortgage further provides that "MERS is the mortgagee under this Security Instrument." *Id.* In its capacity as nominee for the Lender and its successor and assigns, and as mortgagee, MERS assigned the Mortgage to Aurora. Without pleading the basis for this supposition, the Plaintiffs erroneously conclude that the foreclosure and all post-foreclosure action was invalid and improper. It appears that Plaintiffs allege that MERS cannot assign a mortgage when it does not also have an interest in the Note absent direction from the note holder.

However, following *Culhane*, the Land Court recently rejected this argument ruling, "MERS' role as mortgagee of record and custodian of the bare legal interest as nominee for the member-noteholder, and the member-noteholder's role as owner of the beneficial interest in the loan, fit comfortably with each other and fit comfortably within the structure of Massachusetts mortgage law." *Mitchell*, 2014 WL 1159707 (citing *Culhane*, 708 F.3d at 293). Indeed, the courts in Massachusetts consistently uphold the validity of assignments of mortgage executed by MERS finding that MERS has the ability to validly assign mortgages in its capacity as

mortgagee and nominee without needing to identify the note holder or hold the note itself. *See Shea v. Fed. Nat. Mortgage Ass'n*, 2013 WL 7018646 (Mass. Super. July 3, 2013) (concluding that the terms of the mortgage establish that the lender fully delegated its powers and responsibilities under the mortgage to MERS); *Abate v. Fremont Inv. & Loan*, 2012 WL 6115613, at *8 (Land Court Dec. 10, 2012) ("MERS had the authority to assign the Mortgage without identifying its principal or further demonstrating its authority."); *Deutsche Bank Nat. Trust Co. v. Cicchelli*, 2011 WL 3805905, at *4 (Land Court Aug. 24, 2011) (confirming that MERS as the mortgagee generally may assign mortgages and in doing so, does act pursuant to the assignee of the lender and the current note-holder); *see also Woods v. Wells Fargo Bank, N.A.*, 733 F.3d 349, 354 (1st Cir. 2013) ("MERS, as the mortgagee of record, possessed the ability to assign [the borrower's] mortgage."); *Culhane*, 708 F.3d at 293 (finding that MERS's authority to assign mortgages is derived from "MERS's status as equitable trustee and from the terms of the mortgage contract"); *Rosa v. Mortgage Elec. Sys., Inc.*, 821 F. Supp. 2d 423, 430 (D. Mass. 2011) ("Since MERS was named as mortgagee and nominee for [the original lender and its] successors and assigns in the Mortgage, MERS was authorized to assign the Mortgage . . . [and] is not required to prove its nominee relationship or that it had authorization to make the assignment from the current holder of the Note."); *In re Lopez*, 446 B.R. 12, 18-19 (Bankr. D. Mass. 2011) ("Though MERS never held the Note, it could, by virtue of its nominee status, transfer the Mortgage on behalf of the Note holder.").

Recently, the Appeals Court in *Sullivan* examined an assignment of mortgage by MERS in its capacity as nominee of the lender and rejected similar, if not identical, arguments made by the Plaintiffs here. *Sullivan*, 85 Mass. App. Ct. at 208-209. In *Sullivan*, the plaintiffs/borrowers argued "that MERS held the mortgage solely as nominee for [the lender] and appears to have

held no ownership interest in the debt secured by the mortgage, . . . [and] that any assignment by MERS to another entity is invalid unless supported by evidence of authorization of that assignment by the owner of the debt." *Id.* at 209.  The Appeals Court, in citing the Supreme Judicial Court in *Eaton*, held, "the legal interest in a mortgage permissibly may be separated from the beneficial or equitable interest in the debt it secures; in such instances the party holding the bare legal title to the mortgage holds it in trust for the party owning the debt. *Id.* (citing *Eaton v. Federal Natl. Mort. Assn.*, 462 Mass. 569, 587-88 (2012)).  The Appeals Court specifically refused to expand *Eaton* to require a mortgagee to "hold both legal and equitable interest in the loan not only at the time of foreclosure but at the time of any previous transfers of the recorded mortgage interest."  *Id.*; *see also Mitchell*, 2014 WL 1159707 at *18 (following *Culhane* and holding that the "allegation that MERS has no authority, under Massachusetts law, to assign mortgages or act as a mortgagee is incorrect and fails to state a claim upon which relief can be granted").  In doing so, the Massachusetts Appeals Court expressly rejected the argument advanced here by the Plaintiffs.  As a result, all of the 11 counts in the Plaintiffs' Complaint must be dismissed for failure to state a claim upon which relief can be granted.

    *ii.*    **Counts 1 Through 6 Should Be Dismissed As Against MCS For Failure To State A Claim.[2]**

While the Plaintiffs' Verified Complaint is not a model of clarity, from review of the conclusory and general allegations contained in the first six counts, it appears that these claims are not being asserted against MCS.  Indeed, Count 1 (Predatory Lending Practices), Count 2 (Breach of Contract), Count 3 (Fraudulent Misrepresentation), Count 4 (Unconscionability),

---

[2] MCS joins and incorporates herein by reference the argument set forth by Defendants Aurora, U.S. Bank, N.A., as Trustee and MERS in their Memorandum of Law in Support of Defendants' Motion to Dismiss Verified Complaint ("Motion to Dismiss") which was filed with the Court on May 29, 2015.  Motion to Dismiss, pp. 20 – 27.

Count 5 (Breach of the Implied Covenant of Good Faith and Fair Dealing) and Count 6 (Damages to Thomas's Reputation in the Community), each make vague allegations only against Aurora and MERS concerning the note, mortgage and process of foreclosure.  There are no facts alleged against MCS in Counts 1 through 6.  In fact, there is no mention whatsoever of MCS in the Complaint other than paragraph 14, which identifies MCS as a party to the action.  Although the Complaint is difficult to discern, and the Plaintiffs fail to explicitly state which counts are asserted against which defendants, it must be reasonably assumed that since Counts 1 through 6 concern the underlying note, mortgage and resulting foreclosure of the Property, to which MCS was not a party and had no involvement, these claims must be dismissed as against MCS for failure to state a claim.

Moreover, to the extent that Count I (Predatory Lending – Breach of Contract), Count II (Breach of Contract) and Count VIII (Breach of Contract) are asserted against MCS they also fail because MCS is not a party to the only contract alleged in the Complaint.  To successfully assert a claim for breach of contract a plaintiff must demonstrate:  1) a valid binding contract existed between the parties; 2) the defendant breached the terms of the contract; and 3) the plaintiff sustained damages as a result of the breach.  *Young v. Wells Fargo Bank, N.A.*, 717 F.3d 224, 232 (1st Cir. 2013).  The Plaintiffs admit that the contract at issue is "embodied in the recorded mortgage."  Complaint at ¶ 87.  The Plaintiffs cannot demonstrate even the first element of a breach of contract claim against MCS – a valid binding contract between the parties.  It is undisputed that MCS is not a party to the note or mortgage.  *See* Exhibits 3 & 4 to the Complaint.  Nor have the Plaintiffs alleged another contract between themselves and MCS.  Accordingly, without establishing the existence of a binding contract, the Plaintiffs cannot maintain a breach of contract claim against MCS and Counts I, II and VIII must be dismissed.

With regard to Count III (Fraudulent Misrepresentation) this claim also fails because it was not plead with particularity pursuant to Fed. R. Civ. P. 9(b).  In order to state a claim for fraud under Massachusetts law, a complaint must plead:  "1) that the statement was knowingly false; 2) that the defendants made the false statement with intent to deceive; 3) that the statement was material to the plaintiffs' decision; 4) that the plaintiffs reasonably relied upon the statement; and 5) that the plaintiffs were injured as a result of their reliance."  *Doyle v. Hasbro, Inc.,* 103 F.3d 186, 193 (1st Cir. 1996).  Additionally, pursuant to Fed. R. Civ. P. 9(b), the Complaint must also include "specifics about the time place, and content of the alleged false representations."  *Juarez v. Select Portfolio Servicing, Inc.*, 708 F.3d 269, 280 (1st Cir. 2013).  Here, not only does the Complaint fail to plead facts with particularity, it fails to plead any facts related to MCS at all.  Accordingly, Count III must be dismissed.

      ***iii.***     ***Count VII Fails To State A Claim.***

MCS joins and incorporates herein by reference the argument set forth by Defendants Aurora, U.S. Bank, N.A., as Trustee and MERS in their Memorandum of Law in Support of Defendants' Motion to Dismiss Verified Complaint ("Motion to Dismiss") which was filed with the Court on May 29, 2015.  Motion to Dismiss, p. 27.

      ***iv.***     ***Count VIII Fails To State A Claim.***

MCS joins and incorporates herein by reference the argument set forth by Defendants Aurora, U.S. Bank, N.A., as Trustee and MERS in their Memorandum of Law in Support of Defendants' Motion to Dismiss Verified Complaint ("Motion to Dismiss") which was filed with the Court on May 29, 2015.  Motion to Dismiss, pp. 27 – 28.

Additionally, as previously stated in Section II(E)(ii), *supra*, Count VIII (Breach of Contract) also fails because the Plaintiffs have failed to demonstrate the most basic element of a

9

breach of contract – the existence of a contract between the parties. Since it is undisputed that there was no contract between MCS and the Plaintiffs, Count VIII must be dismissed.

### v. *Count IX Fails To State A Claim.*

MCS joins and incorporates herein by reference the argument set forth by Defendants Aurora, U.S. Bank, N.A., as Trustee and MERS in their Memorandum of Law in Support of Defendants' Motion to Dismiss Verified Complaint ("Motion to Dismiss") which was filed with the Court on May 29, 2015. Motion to Dismiss, pp. 28 – 29.

### vi. *Counts X And XI Fail To State A Claim.*

MCS joins and incorporates herein by reference the argument set forth by Defendants Aurora, U.S. Bank, N.A., as Trustee and MERS in their Memorandum of Law in Support of Defendants' Motion to Dismiss Verified Complaint ("Motion to Dismiss") which was filed with the Court on May 29, 2015. Motion to Dismiss, pp. 29 – 30.

## III.  CONCLUSION

For the foregoing reasons, and for the reasons stated in the Motion to Dismiss of Defendants Aurora, U.S. Bank, N.A., as Trustee and MERS, Defendant Mortgage Contracting Services, LLC respectfully requests that this Honorable Court allow its Motion to dismiss in its entirety and dismiss the Plaintiffs' Verified Complaint with prejudice.

|  |  |
|---|---|
|  | Respectfully submitted,<br>MORTGAGE CONTRACTING<br>SERVICES, LLC<br>By its attorneys, |
|  | ____/s/_ *Jamie L. Kessler*_____<br>Erin E. Howard, BBO No. 666955<br>Jamie L. Kessler, BBO No. 681867<br>Hinshaw & Culbertson LLP<br>28 State Street, 24th Floor<br>Boston, MA 02109<br>Tel: (617) 213-7000<br>Fax: (617) 213-7001<br>ehoward@hinshawlaw.com |
| Dated: July 20, 2015 | jkessler@hinshawlaw.com |

**CERTIFICATE OF SERVICE**

I, Jamie L. Kessler, hereby certify that the documents filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

*/s/ Jamie L. Kessler*
Jamie L. Kessler